UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEWTON M. HARRIS | CIVIL ACTION |
| VERSUS | NO:  06-5688 |
| AMC MORTGAGE SERVICES, INC. | SECTION: "S" (5) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that AMC Mortgage Services, Inc.'s motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is **GRANTED**. (Document #15.)

### I. BACKGROUND

Newton M. Harris is the owner of property at 59509 South Oaklawn Drive, Lacombe, Louisiana, in St. Tammany Parish.  AMC Mortgage Services, Inc. (AMC) holds a mortgage on the property.  After Hurricane Katrina caused serious damage to the property, Travelers and Fidelity National Insurance Company (Fidelity National) disbursed insurance proceeds of $319,206.32, payable to AMC and Harris.  Harris endorsed the checks and forwarded them to AMC.[1]

---

[1] The total received and collected was $319.206.32.  AMC received and collected the proceeds from the following checks:  $25,000 on December 1, 2005 from Travelers; $26,000 on

AMC applied $224,553.34 to pay off the existing mortgage loan balance on June 6, 2006. On June 13, 2006, AMC submitted a request to cancel the mortgage to the St. Tammany Parish Clerk of Court. On June 28, 2006, Harris requested a "paid in full" letter from AMC, and AMC sent the letter the same day. The St. Tammany Parish Clerk of Court cancelled the mortgage on July 10, 2006. AMC disbursed $94,674.91 to Harris in the following manner; $8,333.33 on February 3, 2006;[2] $67,274.91 on June 15, 2006; and $19,066.67 on July 6, 2006.

On July 25, 2006, Harris filed a petition for damages in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. Harris alleges that AMC failure to promptly return the funds in which it did not hold a proprietary interest constitutes conversion under La. Civ. Code art. 2315. AMC removed the case to federal court based on diversity jurisdiction. AMC filed a motion for summary judgment

## II. DISCUSSION

**A. Summary judgment standard.**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805,

---

April 27, 2006 from Fidelity; $8,000 on April 27, 2006 from Fidelity; $207,000 on April 27, 2006 from Travelers; and $53,206.32 on April 27, 2006 from Agency Management Corporation. A sixth check for $8,000 from Fidelity National was not honored because of a stop payment order. Harris mailed the checks for $207,000 and $8,000 without endorsing them. Unable to take any further action, AMC returned the checks on February 21, 2006 for Harris' signature.

[2] Harris requested that AMC return the $25,000 to reimburse him for Starr Construction's services to his property and debris removal. AMC sent a check for $8,333.33 payable to Harris and his contractor.

809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**B.  Conversion**

Harris argues that AMC unreasonably withheld the excess insurance proceeds once the mortgage was paid in full.  AMC argues that Harris' allegation that AMC failed to turn over the excess insurance funds in a timely manner does not provide a basis for liability for conversion.

"Conversion is defined as an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time."  Chrysler Credit Corp. v. Whitney Nat'l Bank, 51 F.3d 553, 557 (5th Cir. 1995).  In order to prevail on a claim of conversion under Louisiana law, the plaintiff must prove that (1) he owned or had the right to possess funds that were misused by the defendant, (2) the misuse was inconsistent with the plaintiff's rights of ownership, and (3) the misuse constituted a wrongful taking of the funds.  Chrysler Credit Corp. v. Whitney Nat'l Bank, 798 F.Supp. 1234, 1236-37 (E.D.La. 1992) (citing Chrysler Credit Corp. v. Perry Chrysler Plymouth, 783 F.2d 480, 484 (5th Cir. 1986)).

The evidence does not establish that AMC misused the funds or wrongfully took Harris' funds.  Further, AMC did not deprive Harris of the possession of the insurance proceeds

permanently or for an indefinite time.  On April 5, 2006, counsel for Harris requested that AMC release all insurance proceeds exceeding the amount of the mortgage.  The loan was paid off by AMC on June 6, 2006, and a request to cancel the mortgage was submitted to the Clerk of Court on June 13, 2006, less than six weeks after AMC received the insurance proceeds checks at the end of April 2006.  All insurance proceeds were disbursed to Harris by July 6, 2006.

Accordingly, there are no disputed issues of material fact, and AMC is entitled to summary judgment as a matter of law.

New Orleans, Louisiana, this  19th  day of June, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**